UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 23 2010 ★

BROOKLYN OFFICE

LAURA CALDERON,

    Plaintiff,

    vs.

AIRCRAFT SERVICE INTERNATIONAL
GROUP INC.

    Defendant.

Civil Action No.

CLASS COMPLAINT

CV 10 - 0799

JURY TRIAL DEMANDED

GARAUFIS, J.

BLOOM, M.J.

Plaintiff Laura Calderon, by her attorneys, The Ottinger Firm, P.C., alleges upon information and belief as follows:

## NATURE OF THE ACTION

1) Plaintiff Laura Calderon ("Ms. Calderon" or "Plaintiff"), individually and on behalf of all other similarly situated employees, to set forth claims pursuant to 29 U.S.C. §2617(2)(b), brings this action against the Defendant Aircraft Service International Group Inc. ("ASIG") and seeks damages and equitable relief for unlawful termination and discipline and/or interference under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2615.

2) This is an action under the FMLA on behalf of current and former employees of ASIG who have been terminated or disciplined by the Defendant pursuant to their policies and practices which interfere, restrain and/or deny the exercise or the attempt to exercise the plaintiffs' rights under the FMLA.

3) Within two years immediately prior to the date of filing of this action, or three years for willful violations, Plaintiff and other similarly situated employees of ASIG were

1

entitled to leave under the FMLA and Defendant were on notice of the Plaintiffs' entitlement to leave.

      4)     ASIG violated the FMLA and the FMLA Regulations in one or more of the following ways:

           (a) Wrongfully and willfully terminating the employment of the Plaintiffs for violations of ASIG's Attendance and Punctuality Policy (the "Policy") which disciplines employees for taking FMLA qualifying sick leave;

           (b) Wrongfully and willfully disciplining Plaintiffs for violations of ASIG's Attendance and Punctuality Policy which disciplines employees for taking FMLA qualifying sick leave.

      5)     The Plaintiff and all other ASIG employees similarly situated had their entitlement to medical and/or family leave interfered with by Defendant in violation of the FMLA.

      6)     As a direct and proximate result of one or more of the aforesaid acts, the plaintiffs and all other ASIG employees similarly situated were injured and have lost and in the future will lose economic gains including lost wages, benefits, and out-of-pocket expenses which they have acquired had Defendants not violated their rights under the FMLA.

      7)     As a proximate result of ASIG's violation of the FMLA and its Regulations, the Plaintiff and all other ASIG employees similarly situated were harmed by ASIG and now seek damages and equitable relief as set forth in this complaint.

## JURISDICTION AND VENUE

8)      This Court has subject matter jurisdiction in this action, pursuant to 28 U.S.C. §§ 1331 and 1343(a).

9)      Since the unlawful conduct complained of occurred within the Eastern District of New York, venue is proper within this district pursuant to 28 U.S.C. § 1391(b) and (c).

10)      The Defendant is a covered employer within the meaning of the FMLA because, among other things, they each employ fifty or more employees during the relevant time period and maintain policies with respect to the FMLA.

11)      Plaintiff worked for the Defendant for at least 1250 hours with the year preceding her claim, as did each of the members of the putative class.

12)      Each of the Plaintiffs worked for the Defendant at least two years prior, and three years for willful violations, to their discharge, discipline, interference or other adverse employment action.

## PARTIES

13)      Plaintiff is a female citizen of the State of New York, Queens County.  From September 8, 2008 until November 12, 2009, Plaintiff was employed by ASIG as a (Passenger Service Agent).

14)      Defendant ASIG is a wholly owned subsidiary of BBA Aviation plc ("BBA") and one of two flight support businesses under the BBA umbrella.  ASIG provides ground services to commercial airlines at more than 60 airports around the world.

15)      Defendant ASIG is a Delaware corporation maintaining a principal place of business in Orlando, Florida.

3

16)     Defendant ASIG together with BBA are joint employers as that term is defined by precedent.

17)     Specifically, BBA exercises control over ASIG's board of directors, management and labor employment force, shares the same Human Resource policies and procedures, and maintains bottom-line financial responsibility for ASIG's profit and loss.

## INDIVIDUAL ALLEGATIONS

18)     At all relevant times, Plaintiff was an employee of the Defendant as a (Passenger Service Agent ) in ASIG's Passenger Service Department

19)     At the time of her termination, Plaintiff had been assigned to the Lufthansa Airlines Check-In Desk.

20)     In August 2009, Plaintiff informed her immediate supervisor that she was pregnant and in need of intermittent medical leave.

21)     Specifically, Plaintiff informed Juan Rivera that she had tested positive for sickle cell genetic traits which created a greater likelihood of passing the disease to her child. 23) Juan Rivera responded by informing Plaintiff that all of her absences would be considered as "sick" absences under ASIG's Attendance and Punctuality Policy, which required a point demerit for each absence.

22)     Under the Policy, sick absences are defined as non-work related illness or injury of an employee or immediate family member, such as a spouse or child.

23)     Under the Policy, three points mandated a verbal warning, six points required a written warning, ten points required a final written warning, and thirteen points required termination.  Further, accumulation of five or more points in any given month mandated immediate termination.

4

24)     Under separate policies, verification of illness is conditionally required at the discretion of each station's management.  Despite this, the aforementioned Attendance and Punctuality Policy specifically states that verification does not prevent an employee from having to abide by the attendance policy.  As such, verified FMLA qualifying medical illnesses and conditions which resulted in absences were, as a matter of company policy, subject to disciplinary sanction, up to and including termination.

25)     Nowhere in the Policy or any other ASIG information are FMLA qualifying illnesses, or pregnancy or pregnancy related illnesses, excluded from ASIG's Attendance and Punctuality Policy.

26)     In fact, ASIG's Employee Information Guide, which was distributed to Plaintiff and all ASIG employees, states, "Leave may be delayed or not covered by FMLA if the employee fails to comply with ASIG's attendance policy rules."

27)     Plaintiff's supervisor confirmed that Plaintiff's medically excused absences could be grounds for termination, if she accrued thirteen points as a result of her pregnancy-related absences, or five points in a single month for the same.

28)     Plaintiff's supervisor also expressed contempt for Plaintiff as a result of her request for pregnancy-related medical leave, rolling his eyes when Plaintiff requested time off for pregnancy-related doctor's visits, or otherwise challenging the legitimacy of her requests for leave, suggesting that her requests for leave were unnecessary.

29)     Further, when Plaintiff began to visibly show in August 2009, Plaintiff's supervisor reprimanded her for untucking her shirt uniform, which was required by the physical changes to her body.  Following the reprimand, Plaintiff was forced to attempt to tuck in her

5

shirt, which did not reach her waste line, and which resulted in exposure of the humiliating exposure of her body.

30)    Between August and September, Plaintiff had ten pregnancy-related "sick" absences and three non-pregnancy related "sick" absences.  Each of Plaintiff's pregnancy-related "sick" absences involved a medical office visit and was verified with a doctor's note.  Plaintiff accrued points for each absence under ASIG's Attendance and Punctuality Policy, and was disciplined accordingly.

31)    After her thirteenth absence, on November 12, 2009, Plaintiff was terminated by her supervisor due to her absences and pursuant to ASIG policy.

## CLASS ALLEGATIONS

32)    Plaintiff brings this cause pursuant to 29 U.S.C. §2617(a)(2) and Fed. R. Civ. P. 23 on her own behalf and on behalf of all persons, or their representatives, for a class of former and current employees of ASIG who have been disciplined or terminated or otherwise had their rights under the FMLA interfered with for the exercise of rights under the FMLA and as a direct result of enforcement of Defendants' Attendance and Punctuality Policy.

33)    This action is brought and may be properly maintained as a class action pursuant to Fed. R. Civ. P. 23.

34)    The Class is so numerous that joinder of all members is impractical.  Although the exact size of the Class is unknown, membership in the Class potentially numbers in the hundreds.  Accordingly, the Class is sufficiently numerous that joinder of all members of the Class is impracticable.

6

35)     There are numbers questions of fact and law which are common to all members of the Class which predominate over any questions which effect only individual members of the class, including *inter alia*, the following:

(a) Whether Defendant wrongfully and willfully terminated the employment of the Plaintiffs for violations of ASIG's Attendance and Punctuality Policy (the "Policy") which disciplines employees for taking FMLA qualifying sick leave in violation of the FMLA;

(b) Whether Defendant wrongfully and willfully disciplined Plaintiffs for violations of ASIG's Attendance and Punctuality Policy which disciplines employees for taking FMLA qualifying sick leave in violation of the FMLA.

(c) Whether the Defendant should be enjoined from further conduct in violation of the aforementioned laws; and

(d) Whether the class members have suffered ascertainable losses.

36)     Plaintiffs' claims are typical of the claims of the other members of the Class which they seek to represent.

37)     Plaintiffs will fairly and adequately protect the interests of the member of the Class and plaintiffs have no interests that are adverse to the interests of the class.

38)     Plaintiffs have retained competent counsel who have substantial experience in the prosecution of employment and class action cases.

39)     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable.  Even if any Class members could afford individual litigation, it would be unduly burdensome to the individual courts.  Individual litigation magnifies the delay and expense to all

7

parties. By contrast, the Class Action device presents far fewer management difficulties and provides the benefits of unitary adjudication, economies of scale and comprehensive supervision by a single Court. Concentrating this litigation in one forum would promote judicial economy and efficiency and promote parity among the claims of individual class members as well as judicial consistency. The conduct of this action as a Class Action conserves the resources of the parties and the Court system and protects the rights of each class member and meets all due process requirements as to fairness to the defendant.

40)     The Defendant has acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate damages and final injunctive relief with respect to the Class and subclasses defined below:

(a) Injunctive Class: All current and former ASIG employees who, within the applicable limitations period, were subject to Defendants' absenteeism policy and were FMLA eligible as defined by 29 CFR 825.110.

(b) Damages Class: All current or former ASIG employees who, within the applicable limitations period, were terminated, disciplined or otherwise suffered adverse employment actions based upon discipline and/or termination under Defendants' absenteeism policy where the exercise of rights under the FMLA was interfered with or denied.

## AS AND FOR A FIRST CAUSE OF ACTION

## TERMINATION/DISCIPLINE IN VIOLATION OF THE
## FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. §2615

41)     Plaintiff, on behalf of herself and all similarly situated employees, hereby repeats and re-alleges each and every allegation contained in the foregoing paragraphs and incorporates the same, as if fully set forth herein..

42)     Plaintiff was an eligible employee under the FMLA based on the length of her employment with Defendant and the number of hours she worked on an annual basis.

43)     Defendant is an employer under the FMLA since it employs more than fifty (50) employees.

44)     Plaintiff was entitled to FMLA leave to attend to pregnancy related medical treatment.

45)     Plaintiff is qualified for the position at issue based, inter alia, on her skills and her accomplishments while employed by Defendant, as supported by the salary increases and promotions she received from Defendant.

46)     Plaintiff was subjected to an adverse employment action because she was selected by Defendant for termination of her employment.

47)     Defendant discharged and or disciplined Plaintiff and members of the Putative Class after either requesting FMLA leave or otherwise placing Defendants on notice of their FMLA qualifying need for leave.

9

## AS AND FOR A SECOND CAUSE OF ACTION

## INTERFERENCE WITH RIGHTS PURSUANT TO
## THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. 2615

48)    Plaintiff, on behalf of herself and all employees similarly situated, hereby repeats and re-alleges each and every allegation contained in the foregoing paragraphs and incorporates the same, as if fully set forth herein.

49)    Defendant interfered with Plaintiffs' entitlement to FMLA benefits by discharging and or disciplining Plaintiff and members of the Putative Class after either requesting FMLA leave or otherwise placing Defendants on notice of their FMLA qualifying need for leave.

50)    Based on the foregoing, Plaintiff attempted to exercise her rights under the FMLA, to wit, to attend medical appointments for her pregnancy-related medical condition and was disciplined and terminated as a direct result.

51)    As a result, Plaintiff were unable to exercise their rights pursuant to the FMLA due to the Defendants conduct.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an award on behalf of Plaintiff and the Class:

(a) declaring that the acts and practices complained of herein are in violation of the FMLA;

(b) enjoining and permanently restraining these violations of the FMLA;

10

(c) directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

(d) directing Defendant to make Plaintiff and the Putative Class whole for all earnings they would have received but for Defendant's unlawful conduct, including, but not limited to, wages, pension, 401(k) contributions, bonuses and other lost benefits;

(e) awarding fines and penalties for non-compliance with the FMLA;

(f) awarding Plaintiff and the Putative Class such interest as is allowed by law;

(g) awarding Plaintiff and the Putative Class reasonable attorney's fees and costs, to the fullest extent permitted by law; and

(h) granting such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

DATED:  February 22, 2010

The Ottinger Firm, P.C.

Christopher Q. Davis (CD-7282)
The Ottinger Firm, P.C.
19 Fulton Street, Suite 408
New York, NY  10038
(212) 571-2000

Attorneys for Plaintiff Laura Calderon and the Putative Class

11